UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN CASEY,

        Petitioner,

vs.                              Case No. 2:11-cv-704-FtM-29DNF

MIKE SCOTT, SHERIFF OF LEE COUNTY;
PAM BONDI, FLORIDA ATTORNEY GENERAL,

        Respondents.
_____

## **ORDER OF DISMISSAL**

### I.

This matter comes before the Court upon initial review of the file. Brian Casey, a *pro se* petitioner, initiated this action by filing a Petition for Writ of Habeas Corpus "under 28 U.S.C. § 2254" (Doc. #1, Petition) on December 19, 2011. Petitioner attaches the following exhibits to his Petition: a "notice of appeal" and "certificate for appealability" challenging a state appellate court's decision; an order dated December 19, 2011, from the circuit court dismissing Petitioner's state habeas petition on grounds that he should have filed the petition with the Second District Court of Appeal as it relates to his pending circuit felony court case; an order dated December 2, 2011, from the Florida Supreme Court dismissing Petitioner's cases for lack of jurisdiction; an order dated October 6, 2011, from the Second District Court of Appeal directing Petitioner to supplement his habeas petition with a certificate of service; an order dated

December 5, 2011, from the Second District Court of Appeal denying Petitioner's state habeas petition; an order dated December 7, 2011, from the Second District Court of Appeal denying Petitioner's state habeas petition; an order dated December 7, 2011, from the Second District Court of Appeal denying Petitioner's "petition for writ of prohibition," and a motion for appointment of counsel.[1] See Doc. #1-1, Exhs.

**II.**

Petitioner, who is pre-trial detainee, files the instant Petition seeking release from his detention by the Lee County Sheriff. Petition at 1, 4. Petitioner lists three criminal case numbers, which he states are pending before the Twentieth Judicial Circuit Court in Lee County Florida: 10-CF-019724, 10-CF-19726, and 10-CF-019945. Id. Petitioner raises the following claims:

> Ground One- Denial of Sixth Amendment stemming from a "denial of self representation with a fair and speedy trial;
>
> Ground Two- Denial of Fifth and Fourteenth Amendments stemming from a denial of "access to the courts, law library, compulsory process, U.S. Mail, discovery, copies."
>
> Ground Three- Denial of "First Amendment" rights because Petitioner was "not allowed to speak in court. All *pro se* motions were disregarded."

---

[1] Petitioner stapled all of his exhibits together. Thus, the Clerk did not separately docket the motion to appoint counsel. It appears, however, that Petitioner intended to request that this Court appoint him counsel for the instant habeas corpus petition. Because the Court finds the Petition subject to dismissal, Petitioner's motion to appoint counsel is moot.

> Ground Four- Denial of "Eighth Amendment" rights when Petitioner was locked in a cell and denied access to the "Courts, mail, law library, compulsory process [sic], visits, showers, [sic] commissary for a year."

Petition at 2-4.

## III.

At the outset, the Court notes that Petitioner has incorrectly characterized this Petition as filed pursuant to § 2254. Because Petitioner's criminal trial remains pending before the State circuit court and he is a pre-trial detainee, the instant habeas is filed pursuant to § 2241. <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1060 (11th Cir. 2003). The Court takes judicial notice of the Plaintiff's criminal cases pending before the Twentieth Judicial Circuit Court. <u>See</u> www.leeclerk.org. In case number 10-CF-019945, Petitioner is charged with two counts: (1) second-degree murder without premeditation in violation of Fla. Stat. § 782.04(2) and § 775.087(1)(a); and (2) kidnaping in violation of Fla. Stat. § 787.01(1)(a)(3). A review of the State court docket reveals that speedy trial was waived on December 13, 2011. <u>See</u> docket. A pretrial conference is scheduled for early January 2012. <u>Id.</u> In case number 10-CF-017674, Petitioner is charged with eight counts stemming from failure to remain at a crash with injuries and driving with a suspended licence in violation of Fla. Stat. § 316.027(1)(a), § 322.34(5), and § 316.061(1). <u>See</u> docket. The docket history shows that Petitioner filed a *pro se* motion demanding speedy trial on December 13, 2011, but the judge

continued the trial date. Id. In this case, as well, a pretrial conference is scheduled for early January 2012. Id. In Case Number 10-CF-019724, Petitioner is charged with two counts: (1) second-degree murder without premeditation in violation of Fla. Stat. § 782.04(2) and § 775.087 (1)(a),(2)(a)(3); and (2) arson of a building with people present in violation of Fla. Stat. § 806.01(1). See docket. In this case, the docket reflects that Petitioner is proceeding *pro se* and he withdrew his demand for speedy trial on December 13, 2011. Id. A pre-trial conference is scheduled for early January 2012. Id. Last, in case number 10-CF-19726, Petitioner is charged with three counts: (1) impersonating a deceased individual in violation of Fla. Stat. § 817.568(8)(a); (2) false identification given to law enforcement official in violation of Fla. Stat. § 901.36(1); and, (3) driving with a suspended license in violation of Fla. Stat. § 322.34(5). See docket. A pretrial conference is scheduled for early January 2012 in this matter. Id.

Considering that Petitioner's criminal trial proceedings remain pending before the State court, dismissal of this Petition is warranted. See Younger v. Harris, 401 U.S. 37 (1971)(holding that federal courts should abstain from interfering with pending state proceedings when the pending state proceedings are judicial in nature, the proceedings involve important state interests, and the proceedings offer adequate opportunity to raise any

constitutional issues); Maharaj v. Sec'y Dep't of Corr., 304 F.3d 1345 (11th Cir. 2002)(finding federal habeas petition was not ripe for review when state judgment was not yet final). Under the Younger doctrine, federal courts should abstain from interfering with a state proceeding absent a showing of: bad faith prosecution, irreparable injury, or the absence of an adequate state forum. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004)(citations omitted). Subsequent decisions have refined Younger to only those cases when the prosecution is brought to harass, or otherwise brought in bad faith. News Journal v. Foxman, 939 F.2d 1499, 1507-09 (11th Cir. 1991).

The Court finds that none of the aforementioned exceptions apply in this case. Petitioner has an adequate State forum and may raise the instant claims during his pending criminal proceedings. As discussed *supra*, pre-trial conferences are scheduled in all four of Petitioner's cases in early January 2012. The dockets in each of the cases reflect that the State court is actively moving Petitioner's cases. Additionally, the Court notes that Petitioner has filed a litany of *pro se* motions in each of his pending criminal trials. Thus, Petitioner's own prolific filings may be contributing to any delays Petitioner has encountered, if any.[2]

ACCORDINGLY, it is hereby

---

[2] Additionally, not only has Petitioner been prolifically filing motions before the State courts, but this Court has deemed Petitioner a "three striker" under section 1915(g).

**ORDERED:**

1. The § 2241 Petition is **DISMISSED**.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __21st__ day of December, 2011.

_John E. Steele_
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record